JOHN A. WOODWARD *vs.* PROVIDENCE TEAMING COMPANY, INC.

OCTOBER 29, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an appeal from a decree of the superior court allowing a receiver of an insolvent corporation $4200 as additional compensation and $1750 for counsel fees. The appellant is the largest creditor. He rests his appeal substantially on the ground that, in view of the manner in which the receiver managed the corporation in the last three years of the receivership, the superior court abused its discretion in allowing such compensation and counsel fees.

It appears from the record that the receiver was the president and general manager of the corporation and also a stockholder at the time when the corporation petitioned the superior court for the appointment of a receiver. After acting as temporary receiver he was later, on January 12, 1938, without objection on the part of any creditor, appointed permanent receiver. He duly qualified and continued to serve until the corporation's business was finally liquidated on January 29, 1945. For about six and one half years of this period, or until May 9, 1944, when the physical assets of the corporation were ordered to be sold, the receiver devoted all of his working time to the management of the business. He

was not a mere custodian nor were his duties solely supervisory. He performed the same services that he had performed as general manager and it also appears that he performed in addition actual manual work on the company's premises.

For such services he was allowed by the superior court to pay himself as receiver the weekly sum of $45, apparently as an advancement of compensation to which he would be entitled at the conclusion of the receivership. His weekly salary as president and general manager had been $110. At the outset of the receivership he was allowed, without objection on the part of any creditor, to carry on the business of the corporation as a going concern, because it had been represented to the superior court that there was a reasonable prospect, under the protection of a receivership, that the corporation could be freed from its financial embarrassment. During the first two years of the receivership some hope was aroused that this might be accomplished through the receiver's efforts and he, himself, was then apparently sanguine that such would be the result. In other words, all parties concerned were at first content to take their chances on a conservation receivership, and it was not until several years later that a demand was made for liquidation in the interest of the creditors.

During the period from January 12, 1938 to July 30, 1941 the receiver filed five reports, each of which disclosed somewhat successful results in the operation of the business. For instance, the fifth report filed on July 30, 1941 showed that the business of the company had greatly increased and that the receiver was able to pay a final dividend on the preferred claims and a first dividend of 5% to the general creditors. In this report the receiver stated that there was "a remarkable increase" in the volume of business; that it had increased from $400 a week to $2000 a week; that the company's operating equipment had been expanded from six trucks and three trailers to twenty-one trucks and six trailers; and from ten employees to thirty-two employees. He

also stated that the future operation of the business would "show a substantial net profit, and enable him to pay other dividends to the unsecured creditors". That encouraging forecast never materialized. However, it was the last word which the court heard from the receiver until June 16, 1944 when he filed his sixth report at the insistence largely of the appellant. But before that time apparently neither the appellant nor any other creditor objected to the receiver's failure to report.

The sixth report disclosed that, after this country entered the war on December 7, 1941, it became increasingly difficult to conduct the business at a profit. In fact it appeared from such report that the receiver had been conducting the business for some time in the face of increasing expenses and difficulties which made it seem doubtful that it could be continued as a going concern; but he did nothing about bringing this matter to the attention of the superior court until he was confronted with eviction from the company's freight terminal by the owner. He then disclosed to the court the company's true situation and petitioned for permission to sell the assets and wind up the business.

It further appears from the record that in addition to drawing the weekly sum of $45 he had also been advancing to himself, without prior authorization by the superior court, about $60 a month as additional compensation which he expected the court to allow him at the conclusion of the receivership. At the time of the hearing on his final account in the superior court these advancements had amounted to a sum somewhat in excess of $4000, and appeared in his accounts as "Loan Against Drawing Account". He asked the superior court to allow him such sum as additional compensation. After hearing objections made thereto by the appellant and another large creditor the superior court found that the receiver was reasonably entitled to the sum of $4200. This allowance and the aggregate of the weekly payments of $45 for about six and one half years amounted to a little more than $18,000 which the receiver was paid in full for all

of his services throughout the receivership, that is, slightly more than $53 a week.

The appellant contends that in thus allowing such compensation to the receiver on this record the superior court clearly abused its discretion. Since the receiver must look to the superior court for the approval of his accounts and the determination of the reasonableness of his compensation, it is the duty of that court to scrutinize carefully such accounts in order to detect evidence, if any, of his misconduct or mismanagement. In the instant cause the superior court has found no such evidence. However, the appellant contends that the receiver was not reasonably entitled to additional compensation; first, because he had already taken it before being authorized to do so; second, because the allowance of such compensation left only a very small sum for division among the creditors; and, third, for not reporting to the superior court for almost three years, during which time it was apparent that the business could not be conducted at a profit.

Conceivably the superior court, on those grounds, might well have denied the receiver additional compensation. However, that court apparently did not deem them sufficient to require such denial. On appeal that action must stand unless it is clearly erroneous. *Bank Commissioners* v. *Franklin Institution for Savings,* 11 R. I. 557. As appellant correctly concedes, the superior court is, in a cause of this kind, vested with a sound discretion that will not be disturbed by this court except for clear abuse of such discretion.

In the instant cause the superior court, after a full hearing and upon careful deliberation, has weighed and considered appellant's contentions and has decided that, notwithstanding irregularities charged against the receiver, he was justly entitled to additional compensation. On the whole record which was before it, apparently that court was satisfied that the alleged irregular acts of the receiver were not sufficient to justify the denial of compensation which he had otherwise fully earned by the actual services that he had necessarily rendered to the insolvent corporation. For all

that appears that court may have considered that $53 a week was in itself small enough compensation, even after weighing the possible adverse effect on the creditors' interests of the receiver's failure to report for three years. Such a view would not, in our opinion, be unreasonable.

While compensating himself without first having obtained authority from the superior court was irregular and might properly have resulted in the receiver being ordered by that court to return such compensation, and while it is not good practice for a receiver to withhold from the court for an unduly long period the true situation of a conservation receivership, we cannot say that the superior court, in the circumstances in this instance, clearly abused its discretion by allowing the receiver such additional compensation.

We must give the same answer to appellant's contention that the counsel fees are excessive. Here the same rule applies as in the allowance of compensation. The amount of such fees rests in the discretion of the superior court. *Barba v. Cassano*, 163 A. 880 (R. I.). Considering the prolonged period of the receivership and the volume and detail of the work which counsel was required to do both in and out of court, as evidenced by the record, we are unable to say that the fees awarded to him were excessive and unreasonable and that therefore their allowance was an abuse of discretion by the superior court.

In view of the above conclusions it is unnecessary to consider the receiver's motion to dismiss this appeal on the ground that the appellant is not a party aggrieved.

The appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Benjamin F. Lindemuth, Francis J. O'Brien,* for William A. Lester, appellant.

*Grim & Littlefield, Benjamin W. Grim,* for John A. Woodward, appellee.